Filed 6/15/23  P. v. Magee CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077903 |
| v. | (Super. Ct. No. FSB1203948) |
| DUANE MORRIS MAGEE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Dismissed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### I.

### INTRODUCTION

Defendant and appellant Duane Morris Magee appeals from a postjudgment order

denying his Penal Code[1] section 1172.6 (formerly section 1170.95)[2] petition to vacate his second degree murder conviction for killing his wife Velda and obtain resentencing under the procedures established by Senate Bill Nos. 775 and 1437.  We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that set forth the relevant procedural history of the case and asked this court to review the record and determine whether any arguable issues on appeal exist.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We dismissed that appeal and the Supreme Court granted defendant's petition for review and transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

We vacated our decision and provided the parties an opportunity to file a supplemental brief.  No party, including defendant, have filed a supplemental brief.  Because defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we decline to exercise our discretion to conduct an independent review of the record in the interest of justice and again dismiss the appeal.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 228, 232.)

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text.  (Stats. 2022, ch. 58, § 10.)

## II.

## PROCEDURAL BACKGROUND

A jury convicted defendant of second degree murder (§ 187, subd. (a)) for killing

his wife. The jury also found true an allegation that defendant used a dangerous weapon,

a knife, in the commission of the murder. (§ 12022, subd. (b)(1).) Defendant was

sentenced to 15 years to life plus one year. (*People v. Magee* (Feb. 05, 2020, E070429)

[nonpub. opn.].) Defendant appealed, and we affirmed the judgment in a nonpublished

opinion. (*Ibid.*)

On February 18, 2021, defendant in propria persona filed a petition for

resentencing pursuant to section 1170.95. He declared that he was prosecuted under the

felony-murder theory or the natural and probable consequences doctrine; he was

convicted of second degree murder under one of those theories; and he could not now be

so convicted due to the changes to sections 188 and 189, effective January 1, 2019.

After counsel was appointed for defendant and following a hearing, the trial court

denied the petition. Based on the court file, the minutes and the jury verdict forms, the

court found that defendant was the actual killer who personally used a knife in the

commission of the murder. Defendant timely appealed.

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the

authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a

3

statement of the case and a summary of the procedural background. Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, *supra*, at p. 744) counsel raises the issue of whether the trial court erred by engaging in improper factfinding.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id*. at p. 232.)

Although we have discretion to conduct *Wende* review even when it is not required (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), this case does not call for us to exercise our discretion to independently examine the record for arguable issues. "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id*. at p. 229.) Moreover,

4

defendant's record of conviction clearly shows that he is categorically ineligible for relief without examining the entire record.  Thus, reading every page of the record to look for arguable grounds for reversal is futile.  Defendant was neither prosecuted under the felony murder rule nor the natural and probable consequences doctrine.  He was the actual killer who personally used a knife to kill his wife.  As such, it is impossible for defendant to make a prima facie case for relief under section 1172.6.  The trial court correctly denied defendant's section 1172.6 petition for resentencing.  Accordingly, we dismiss the appeal.

## IV.

## DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

5